UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

CHRISTOPHER J. HUTCHINS,

Debtor.

Case No. C06-934RSL

ORDER ON MOTION FOR WITHDRAWAL OF REFERENCE

## I. Introduction

This matter comes before the Court on a motion to withdraw reference of settlement proceedings from the Bankruptcy Court by debtor Christopher Hutchins (Dkt. # 1). The trustee opposes the withdrawal, arguing both that the settlement is a core proceeding properly before the Bankruptcy Court, and that the withdrawal is moot because the Bankruptcy Court already ruled on the settlement motion.

## II. Background Facts

Hutchins filed for bankruptcy on March 12, 2003. The case was closed on July 2, 2003 as a "no asset" case. On November 6, 2003, Hutchins filed suit in federal court for federal and

ORDER ON MOTION FOR
WITHDRAWAL OF REFERENCE - 1

state employment-related claims against his employer, Rabanco Ltd. The action was assigned to Judge Pechman. Because the alleged wrongdoing occurred prior to closure of the bankruptcy action, Hutchins's cause of action properly belongs to his estate. See Turner v. Cook, 362 F.3d 1219, 1226 (9th Cir. 2004) (citing 11 U.S.C. § 541(a)(1)).

Shortly after Rabanco moved to dismiss Hutchins's claim based on Turner, Hutchins re-opened his bankruptcy proceeding. Daniel Forsch was re-appointed as the trustee and promptly settled Hutchins's claims against Rabanco for $28,000, a fraction of what Hutchins sought. Forsch moved for approval of the settlement before the Bankruptcy Court on May 12, 2006, and a hearing date was set for June 16, 2006. On June 8, 2006, Hutchins moved for withdrawal of reference of the settlement motion, pursuant to 28 U.S.C. § 157(d). The motion was assigned to this Court.

On June 16, 2006, Judge Steiner of the Bankruptcy Court held the hearing and approved the settlement, ruling from the bench. The Bankruptcy Court suggested that this proceeding was inappropriate for withdrawal of reference because it did not implicate non-bankruptcy federal law. Transcript at 1 ("We've had motions to withdraw the reference before, but they usually go to the fact that there's federal law other than bankruptcy law involved in the case."). The Bankruptcy Court further noted that, although a motion for the withdrawal of the reference of the very subject of the hearing was properly before this Court, it would proceed with ruling on the matter, in part because "there is no stay that prevents me from doing so." Id. The Bankruptcy Court then provided a bleak assessment of the probability of success of Hutchins's federal court litigation and approved the settlement.

### III. Discussion

**A.    Mootness Argument**

This matter comes before the Court on a motion to withdraw pursuant to 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding

ORDER ON MOTION FOR
WITHDRAWAL OF REFERENCE - 2

referred under this section, on its own motion or on timely motion of any party, for cause shown. The district shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The Federal Bankruptcy Rules of Procedure provide that a "motion for withdrawal of a case or proceeding *shall* be heard by a district judge." Fed. R. Bankr. P. 5011(a) (emphasis added). The rules further provide that such a motion will not stay the administration of a case "except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion." Fed. R. Bankr. P. 5011(c).

A bankruptcy judge may not rule on a party's motion to withdraw. See Fed. R. Bankr. P. 5011(a) advisory committee's note ("Subdivision (a) of this rule makes it clear that the bankruptcy judge will not conduct hearings on a withdrawal motion. The withdrawal decision is committed exclusively to the district court."). As such, the trustee's argument that the Bankruptcy Court's decision has rendered moot the motion to withdraw lacks merit, because the Bankruptcy Court lacks authority to deprive this Court of the opportunity to meaningfully rule on the motion.

The trustee could argue that the stay provision in Rule 5011 is permissive and, moreover, that Hutchins failed to move for a stay either before this Court or the Bankruptcy Court:

> [T]he bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. A motion for a stay ordinarily shall be presented first to the bankruptcy judge. A motion for a stay or relief from a stay filed in the district court shall state why it has not been presented to or obtained from the bankruptcy judge.

Fed. R. Bankr. P. 5011(c). Notwithstanding this permissive stay, Rule 5011(a) requires the district court to consider the motion for withdrawal, and the Bankruptcy Court cannot undermine that provision by relying on the permissive stay provision. Therefore, even if the Bankruptcy Court can proceed despite the motion to withdraw, it is clear that the Bankruptcy Court's resolution of the proceeding cannot moot this Court's consideration of the motion.

ORDER ON MOTION FOR
WITHDRAWAL OF REFERENCE - 3

**B.     Merits of Withdrawal**

Assuming, as did the parties, that this motion is subject to the permissive withdrawal provision of § 157(d), then the Court considers the following factors in order to determine the appropriateness of withdrawal:

> In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.

Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1008 (9th Cir. 1997) (citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir.1993)).[1]  These factors require this Court to consider the substantive analysis attendant to a motion to approve a settlement.

In order to determine the fairness and adequacy of a proposed settlement, a court must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

In re A & C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986).  The Bankruptcy Court incorrectly suggests that this analysis can be performed without reference to non-bankruptcy federal law.  In fact, this analysis *only* requires analysis of non-bankruptcy law, as evidenced by the Bankruptcy Court's justification for its decision.

The remaining Security Farms factors urge the Court to grant the motion to withdraw.  In this case, "efficiency [is] enhanced by withdrawing the reference because non-core issues predominate."  Security Farms, 124 F.3d at 1008–9.  The fairness of a settlement of a claim based exclusively on non-bankruptcy federal and state issues is the sole issue proposed for

---

[1] The Court observes that an argument could be made that the "material consideration of non-bankruptcy federal law" required by the settlement approval question could trigger the mandatory withdrawal provision of § 157(d).  See Security Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1008 (9th Cir. 1997).

ORDER ON MOTION FOR
WITHDRAWAL OF REFERENCE - 4

withdrawal.[2] Requiring the re-argument of the settlement approval motion before this Court is a minor burden to the parties, and this Court's access to the record of the underlying employment action will greatly increase the accuracy of its assessment of the fairness of the proposed settlement. Finally, the resolution of this motion by the district court will have no impact on the uniformity of bankruptcy administration because no bankruptcy law is implicated by this decision.

This Court's decision to grant the motion to withdraw is not intended to signal disagreement with the Bankruptcy Court's analysis of the merits of Hutchins's employment claims and the fairness of the trustee's proposed settlement. Instead, this decision merely reflects Congress's clear intent to allow a party in bankruptcy to have the opportunity to withdraw reference of a proceeding where the party can show cause in support of the withdrawal. In the instant case, Hutchins has clearly shown that almost every aspect of the settlement-approval analysis can be more effectively performed in the district court, where the action in question has been pending for more than two and one-half years.

### IV. Conclusion

For the foregoing reasons, Hutchins's motion to withdraw (Dkt. # 1) is GRANTED. The Bankruptcy Court's approval of the settlement is VACATED. Forsch's further motion, which has been characterized as a motion to transmit the Bankruptcy Court's decision (Dkt. # 3), is STRICKEN AS MOOT. The trustee's motion for approval of settlement will be noted for consideration before this Court on Friday, August 25, 2006, and shall be briefed in accordance

---

[2] The trustee could argue that the quickness of the Bankruptcy Court's resolution of this matter is an indication of the efficiency of non-withdrawal, but this argument would have no merit. Similarly, this Court will not entertain the argument that now that the Bankruptcy Court has already ruled on the motion, it would be inefficient to vacate and re-consider that motion.

ORDER ON MOTION FOR
WITHDRAWAL OF REFERENCE - 5

with Local Rule CR 7(d)(3).[3]

DATED this 31st day of July, 2006.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[3] The trustee's opening brief will be due before Friday, August 11, 2006.

ORDER ON MOTION FOR
WITHDRAWAL OF REFERENCE - 6