1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re,
CHRISTOPHER J. HUTCHINS,                                    No. C06-00934MJP

                              Debtor.                       ORDER DENYING APPELLANT'S
                                                            APPEAL

12

13

14

15

16

17

18

19

20

21

22

        This matter comes before the Court on Trustee's Motion to approve a settlement he reached

in this matter with Mr. Hutchins' employer Rabanco regarding a related employment discrimination

action (Jones v. Rabanco, 3-3195), which is also before this Court.  The bankruptcy Court originally

approved the settlement in this matter for $28,000, having received no objections from creditors.  The

Debtor, however, objected on the theory that his case was worth much more than the amount for

which the Trustee settled.  The Debtor moved for a withdrawal of the reference to bankruptcy court,

which was granted by Judge Lasnik.  This case was then transferred to this Court to decide the

fairness of the settlement because this Judge is more familiar with all of the facts surrounding the

underlying case.  Having considered all of the parties' briefing, exhibits, and other pertinent papers

and documents, the Court GRANTS the Trustee's motion, finding that the settlement is a fair and

reasonable one.

23

ANALYSIS

24

25

        In considering the reasonableness and adequacy of a proposed settlement agreement, a court

must consider:

26

                (a) The probability of success in the litigation; (b) the difficulties, if any, to be
                encountered in the matter of collection; (c) the complexity of the litigation involved,

ORDER - 1

1

2

and the expense, inconvenience, and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

3

4

5

6

7

8

9

10

11

12

13

14

15

In re: A&C Props., 784 F. 2d 1377, 1381 (9th Cir. 1986).  Here, the Court agrees with the Trustee that Mr. Hutchins, as the only white litigant in the Jones v. Rabanco matter, faces hurdles in securing a successful jury verdict that other Plaintiffs may not face and does not view his likelihood of success to be a certainty.  As for the second factor, the parties concede that collection will not be a problem. The third factor to be considered also weighs against Mr. Hutchins, because this litigation is long, complex, contentious and with multiple decisions subject to appellate review.  Given the history of this case, the Court can only surmise that those factors will be compounded as trial approaches. Although Mr. Moote, counsel for Plaintiffs in the underlying litigation, claims that there will be no cost to the bankruptcy estate in litigating this matter because he will represent Mr. Hutchins' estate's interest on a contingency fee basis, forty percent of any recovery could be a very substantial portion of whatever damages that Mr. Hutchins might receive.  For this reason, the Court finds that the Trustee is acting within reason to avoid this fee.  Finally, the last factor also weighs against Mr. Hutchins–the parties concede that none of Mr. Hutchins' creditors objected to the settlement.

16

17

18

For all of these reasons, the Court APPROVES the settlement as fair and reasonable. The Court also finds that Mr. Moote is not entitled to any fee at this time because he never represented Mr. Hutchins' estate, which is the real party in interest here.

19

20

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: September 6th , 2006.

21

22

23

24

25

Marsha J. Pechman
United States District Judge

26

ORDER - 2